# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. |
| v. | ) ) | |
| MICHAEL NICHOLAS LLC, MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Travis J. Ketterman of Whitfield McGann & Ketterman, complaining of the Defendants, MICHAEL NICHOLAS LLC et al, and allege as follows:

### Count I: Audit Refusal (Michael Nicholas LLC)

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to collective bargaining agreements between employers

and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. MICHAEL NICHOLAS LLC is an employer engaged in an industry affecting commerce that entered into a collective bargaining agreement whose terms require MICHAEL NICHOLAS LLC to pay fringe benefits to the Trust Funds.

4. The collective bargaining agreement also binds MICHAEL NICHOLAS LLC to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("trust agreements").

5. MICHAEL NICHOLAS LLC is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the collective bargaining agreement and trust agreements. In addition, MICHAEL NICHOLAS LLC is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a collective bargaining agreement with the Union.

6. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, MICHAEL NICHOLAS LLC is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. MICHAEL NICHOLAS LLC breached the provisions of the collective bargaining agreement by failing to allow Plaintiffs to complete an audit of MICHAEL NICHOLAS LLC 's books and records for the period August 1, 2009 through the present, after repeated demands for specific records were made upon MICHAEL NICHOLAS LLC.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of MICHAEL NICHOLAS LLC's books and records.

9. MICHAEL NICHOLAS LLC is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g)(2)(D).

10. According to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g), MICHAEL NICHOLAS LLC is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

   (a)  double interest; or

   (b)  interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:
- A. That the Defendant MICHAEL NICHOLAS LLC be required to provide access to its records within ten (10) days for the period of August 1, 2009 through the present, so that the audit can be completed.
- B. That Defendant MICHAEL NICHOLAS LLC be ordered to pay all contributions shown to be due upon completion of the audit.
- C. That Defendant MICHAEL NICHOLAS LLC be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.
- D. That Defendant MICHAEL NICHOLAS LLC be ordered to pay liquidated damages and interest.
- E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

### Count II—Single Employer / Alter Ego
### (MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC)

Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund et al., by their attorney Travis J. Ketterman of Whitfield McGann & Ketterman, complain of the Defendants MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC, as follows:

1. This action arises out of the same common nucleus of fact previously pleaded in Count I and is herewith joined under the provisions of U.S.C Title 28, Fed.R.Civil.P.18(a).

2. The Plaintiffs reallege Paragraphs 1 through 5 of Count I as Paragraphs 2 through 6 of Count II.

7. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are related to MICHAEL NICHOLAS LLC and perform carpentry bargaining unit work.

8. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are the disguised continuances of MICHAEL NICHOLAS LLC and/or participated with MICHAEL NICHOLAS LLC in avoiding its Trust Fund obligations.

9. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are the alter egos of MICHAEL NICHOLAS LLC and/or are bound to the collective bargaining agreement under a single or joint employer theory. As such, Plaintiffs are entitled to compliance from the related entities to the terms of the collective bargaining agreement and trust agreements. The facts that

support the allegations include: (a) common business purpose; (b) common location; (c) common employees; (d) common labor supervision; (e) common equipment; (f) common jobsites; (g) and common ownership. A review of the records of MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC will disclose whether the other factors relevant to alter ego and single employer analysis exist.

10. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC breached the provisions of the collective bargaining agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors during the period of August 2009 through the present.

11. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, the Defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collections process.

12. Plaintiffs have complied with all conditions precedent in bringing this suit, including providing several written demand for the documents necessary for the auditors.

13. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

14. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C.§ 1132(g)(2)(D).

15. Pursuant to 29 U.S.C. 1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

   a) double interest; or
   b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

   A. That the Defendants MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC be required to provide access to its records within ten (10) days for the period of August 1, 2009 through the present, so that the audit can be completed.
   B. That Defendants MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC be ordered to pay all contributions shown to be due upon completion of the audit.
   C. That Defendants MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.
   D. That Defendants MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC be ordered to pay liquidated damages and interest.
   F. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By:   s/Travis J. Ketterman
      _____
      TRAVIS J. KETTERMAN

Travis J. Ketterman
Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
August 24, 2010