IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-cv-05348 |
| v. | ) ) | Hon. Judge James B. Zagel |
| MICHAEL NICHOLAS LLC, MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER AND DEFENSES

NOW COMES Defendants, MICHAEL NICHOLAS LLC, MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC (hereinafter collectively referred to as "Defendants"), by and through their attorney, SmithAmundsen LLC, by Julie A. Proscia and Rebecca L. Dobbs, and hereby denies the averments as contained in Plaintiffs' Complaint, except to the extent hereinafter admitted or qualified, and further states as follows:

### Count I: Audit Refusal (Michael Nicholas LLC)

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER:** Defendants admit that Plaintiff's Complaint bases jurisdiction on the Employee Retirement Income Security Act and the Taft-Hartley Act, but are without

1

information or knowledge sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 1 of the Complaint.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:** Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Complaint.

3. MICHAEL NICHOLAS LLC is an employer engaged in an industry affecting commerce that entered into a collective bargaining agreement whose terms require MICHAEL NICHOLAS LLC to pay fringe benefits to the Trust Funds.

**ANSWER:** Defendants deny the allegations in Paragraph 3 to the extent they imply Michael Nicholas LLC is not in compliance with the terms of the collective bargaining agreement.

4. The collective bargaining agreement also binds MICHAEL NICHOLAS LLC to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("trust agreements").

**ANSWER:** Defendants deny the allegations contained in Paragraph 4 of the Complaint to the extent they imply Michael Nicholas LLC is not in compliance with the trust agreements.

5. MICHAEL NICHOLAS LLC is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the collective bargaining agreement and trust agreements. In addition, MICHAEL NICHOLAS LLC is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a collective bargaining agreement with the Union.

**ANSWER:** Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, MICHAEL NICHOLAS LLC is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

**ANSWER:** Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. MICHAEL NICHOLAS LLC breached the provisions of the collective bargaining agreement by failing to allow Plaintiffs to complete an audit of MICHAEL NICHOLAS LLC's books and records for the period August 1, 2009 through the present, after repeated demands for specific records were made upon MICHAEL NICHOLAS LLC.

**ANSWER:** Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of MICHAEL NICHOLAS LLC's books and records.

**ANSWER:** Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. MICHAEL NICHOLAS LLC is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g)(2)(D).

**ANSWER:** Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. According to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g), MICHAEL NICHOLAS LLC is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

**ANSWER:** Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

   (a) double interest; or

   (b) interest plus liquidated damages.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11 of the Complaint.

### Count II – Single Employer / Alter Ego

### (MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC)

1. This action arises out of the same common nucleus of fact previously pleaded in Count I and is herewith joined under the provisions of U.S.C Title 28, Fed.R.Civil.P.18(a).

**ANSWER:** Defendants deny the allegations contained in Paragraph 1 of Count II of the Complaint.

2. The Plaintiffs reallege Paragraphs 1 through 5 of Count I as Paragraphs 2 through 6 of Count II.

**ANSWER:** Defendants reincorporate and restate their answers to Paragraphs 1 through 5 of Count I as Paragraphs 2 through 6 of Count II.

7. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are related to MICHAEL NICHOLAS LLC and perform

carpentry bargaining unit work.

**ANSWER:** Defendants deny the allegations contained in Paragraph 7 of Count II of the Complaint.

8. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are the disguised continuances of MICHAEL NICHOLAS LLC and/or participated with MICHAEL NICHOLAS LLC in avoiding its Trust Fund obligations.

**ANSWER:** Defendants deny the allegations contained in Paragraph 8 of Count II of the Complaint.

9. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are the alter egos of MICHAEL NICHOLAS LLC and/or are bound to the collective bargaining agreement under a single or joint employer theory. As such, Plaintiffs are entitled to compliance from the related entities to the terms of the collective bargaining agreement and trust agreements. The facts that support the allegations include: (a) common business purpose; (b) common location; (c) common employees; (d) common labor supervision; (e) common equipment; (f) common jobsites; (g) and common ownership. A review of the records of MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC will disclose whether the other factors relevant to alter ego and single employer analysis exist.

**ANSWER:** Defendants deny the allegations contained in Paragraph 9 of Count II of the Complaint.

10. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC breached the provisions of the collective bargaining

5

agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors during the period of August 2009 through the present.

**ANSWER:** Defendants deny the allegations contained in Paragraph 10 of Count II of the Complaint.

11. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, the Defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collections process. Plaintiffs have complied with all conditions precedent in bringing this suit, including providing several written demand for the documents necessary for the auditors.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11 of Count II of the Complaint.

12. Plaintiffs have complied with all conditions precedent in bringing this suit, including providing several written demand for the documents necessary for the auditors.

**ANSWER:** Defendants deny the allegations contained in Paragraph 12 of Count II of the Complaint.

13. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

**ANSWER:** Defendants deny the allegations in Paragraph 13 of Count II of the Complaint.

14. MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, and WOODMARK CARPENTRY LLC are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2)(D).

**ANSWER:** Defendants deny the allegations in Paragraph 14 of Count II of the Complaint.

15. Pursuant to 29 U.S.C. 1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

a) double interest; or

b) interest plus liquidated damages.

**ANSWER:** Defendants deny the allegations in Paragraph 15 of Count II of the Complaint.

## DEFENSES

Now come Defendants, and assert the following defenses to Plaintiff's claims:

1. For its First Defense, Defendants assert that MNI ENTERPRISES, INC., US CARPENTRY TUCSON LLC, AND WOODMARK CARPENTRY LLC, are not signatories to a collective bargaining agreement with the Chicago Regional Council of Carpenters nor are they bound to any related trust agreements.

2. For its Second Defense, Defendants assert that the audit findings are inaccurate.

WHEREFORE, Defendants respectfully request this Court to dismiss the Complaint in its entirety and with prejudice, and to award Defendants its costs, reasonable attorneys' fees and such other just and equitable relief as the Court deems proper.

Dated this 20th day of December, 2010.

Respectfully submitted,
**MICHAEL NICHOLAS, LLC,
MNI ENTERPRISES, INC.,
US CARPENTRY TUCSON LLC,
and WOODMARK CARPENTRY LLC,**

By: s/ Rebecca L. Dobbs
One of Its Attorneys

SmithAmundsen LLC
Julie A. Proscia, Esq. (ARDC No. 06280896)
Rebecca L. Dobbs, Esq. (ARDC No. 06289379)
3815 E. Main Street
Suite A-1
St. Charles, IL 60174
(630) 587-7928 – Telephone
(630) 587-7960 – Facsimile
**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

      I hereby certify that on December 20, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Travis J. Ketterman and Robert T. Oleszkiewicz of Whitfield McGann & Ketterman, and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.

                              s/ Rebecca L. Dobbs
                              Attorney No. 06289379
                              Attorneys for Defendants
                              Julie A. Proscia, Esq.
                              Rebecca L. Dobbs, Esq.
                              SmithAmundsen LLC
                              3815 E. Main Street; Suite A-1
                              St. Charles, Illinois 60174
                              Telephone – (630) 587-7928
                              Facsimile – (630) 587-7960